IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLTON PHAROAH STROTHER,   ID # 19302-045,         Petitioner, | ) ) ) ) | |
| vs. | ) ) | No. 3:20-CV-3732-G-BH |
| K. ZOOK,         Respondent. | ) ) ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241*, received on December 29, 2020 (doc. 3). Based on the relevant filings and applicable law, the petition should be **DISMISSED** for lack of jurisdiction.

### I.     BACKGROUND

Carlton Pharoah Strother (Petitioner), a federal prisoner incarcerated at the Federal Correctional Institution in Seagoville, Texas (FCI Seagoville), was convicted of one count of conspiracy to commit aggravated identity theft, one count of conspiracy to commit identity theft, thirteen counts of aggravated identity theft, and ten counts of access device fraud in the United States District Court for the Western District of Missouri. *See United States v. Strother*, No. 06-00112-01-CR-W-ODS, doc. 706 (W.D. Mo. May 7, 2012). He was sentenced to a total term of imprisonment of 234 months, to be followed by a three-year term of supervised release. *See id.*

On December 29, 2020, Petitioner filed a petition under 28 U.S.C. § 2241 contending that the "Federal Bureau of Prisons 'B.O.P.' has failed to apply Petitioner's 'Earned Time' credits pursuant to the First Step Act 18 U.S.C. § 3632." (doc. 3 at 5.) He argues that "pursuant to 18

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

U.S.C. § 3632(d)(4), he should earn time credits for participation in Evidence-based Recisivism [sic] Reduction (EBRR) programs." (*Id.* at 10.)   The respondent argues that Petitioner is not entitled to relief because he is ineligible for "earned time credit for a program that he completed prior to the implementation of the First Step Act time-credit system," and because "any claim for earned time credit based on another program that Petitioner was still participating in at the time he filed suit is not ripe and is, by definition, administratively unexhausted." (doc. 10 at 1.)  Petitioner filed a reply on February 23, 2021, in which he maintained that he was entitled to earned time credits for his participation in Bureau of Prisons (BOP) programming. (*See* doc. 11.)

On February 23, 2022, the respondent filed a notice stating that Petitioner had been released from BOP custody on January 14, 2022. (*See* doc. 13.)

## II.     JURISDICTION

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).  A case or controversy becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . .  The parties must continue to have a "personal stake in the outcome" of the lawsuit.  This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citations omitted).  If a controversy becomes moot, the case is dismissed for lack of subject matter jurisdiction. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990).

2

Here, Petitioner's request for earned time credits against his sentence for his participation in BOP programming was pending at the time he was released from custody. A habeas petition "is not moot simply because a § 2241 petitioner is no longer in custody," however. *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969)). The possibility that a district court may shorten a period of supervised release under 18 U.S.C. § 3583(e)(2) "if it determines that [the defendant] has served excess prison time" can keep a § 2241 petition from being rendered moot. *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006); *see also Greene v. Underwood*, 939 F.3d 628, 628 (5th Cir. 2019). Because Petitioner's three-year term of supervised release following the completion of his sentence could be shortened if he served excess prison time, his release from custody alone does not render his § 2241 petition moot.

A habeas petition may be moot, however, "when the court cannot grant the relief requested by the moving party." *Salgado*, 220 F. App'x at 257 (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). Under § 3583(e), only the sentencing court may make the determination of whether a petitioner served excess time. *See Lawson v. Berkebile*, 308 F. App'x 750, 752 (5th Cir. 2009) (citing 18 U.S.C. §§ 3583(e)(2), 3605). Petitioner was sentenced in the Western District of Missouri, and there is no indication from the docket that jurisdiction has been transferred elsewhere. This Court therefore lacks jurisdiction to determine whether Petitioner has served excess prison time, and because it cannot grant him the relief he seeks, his § 2241 petition has been rendered moot. *See, e.g.*, *Richardson v. Underwood*, No. 3:19-CV-338-C-BH, 2020 WL 1526912, at *2 (N.D. Tex. Mar. 30, 2020) (citing cases), *rec. adopted* 2020 WL 1987270 (N.D. Tex. Apr. 27, 2020). Accordingly, the § 2241 petition should be dismissed for lack of jurisdiction.

## III. RECOMMENDATION

The *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241*, received on December 29, 2020 (doc. 3), should be **DISMISSED** for lack of jurisdiction.

**SIGNED this 24th day of February, 2022.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE